IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN J. GARRETT, NAN M. GARRETT, | § | |
| HENRY R. HAMMAN, DAVID W. DAUPHIN, | § | |
| CHRISTY DAUPHIN, WILLIAM C. GOODWIN, | § | |
| HSMCO, INC., VANCE C. MILLER, | § | |
| HENRY S. MILLER JR. 1989-1 | § | |
| IRREVOCABLE TRUST, J. STEPHEN | § | |
| HARRIS, THE RYRIE FOUNDATION, | § | |
| ELIZABETH RYRIE ANTHONY, | § | |
| CAROLYN R. HOWARD, CHARLES C. RYRIE, | § | |
| STEVEN CHARLES ANTHONY TRUST, | § | |
| MATTHEW JOHN ANTHONY TRUST, | § | |
| CLAIRE HANNAH HOWARD TRUST, AND | § | |
| THE ESTATE OF EDGAR SMITH, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| MORGAN KEEGAN & CO., INC, | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT TO ENFORCE ARBITRATOR'S SUBPOENA DUCES TECUM

Plaintiffs, John J. Garrett, Nan M. Garrett, Henry R. Hamman, David W. Dauphin, Christy Dauphin, William C. Goodwin, HSMCO, Inc., Vance C. Miller, Henry S. Miller Jr. 1989-1 Irrevocable Trust, J. Stephen Harris, The Ryrie Foundation, Elizabeth Ryrie Anthony, Carolyn R. Howard, Charles C. Ryrie, Steven Charles Anthony Trust, Matthew John Anthony Trust, Claire Hannah Howard Trust, and The Estate of Edgar Smith (collectively "Plaintiffs" or "Claimants"), file this Complaint to Enforce Arbitrator's Subpoena Duces Tecum against Hyperion Brookfield Asset Management, Inc. (*n/k/a* Brookfield Investment Management, Inc.) (hereinafter "Hyperion") pursuant to Section 7 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 7.

## PARTIES

1.      Plaintiffs John J. Garrett and Nan M. Garrett are residents of Houston, Harris County Texas.

2.      Plaintiff Henry R. Hamman is an individual residing in Houston, Harris County, Texas.

3.      Plaintiffs David W. Dauphin and Christy Dauphin are individuals who reside in Houston, Harris County, Texas.

4.      Plaintiff William C. Goodwin is an individual who resides in Houston, Harris County, Texas.

5.      Plaintiff HSMCO, Inc. is a corporation established under the laws of Delaware, and it maintains its principal place of business in Dallas, Dallas County, Texas.

6.      Plaintiff Vance C. Miller is an individual who resides in Dallas, Dallas County, Texas.

7.      Plaintiff Henry S. Miller Jr. 1989-1 Irrevocable Trust is a trust maintained in Dallas, Dallas County, Texas.

8.      Plaintiff J. Stephen Harris a/k/a J. S. Harris is an individual who resides in Dallas, Dallas County, Texas.

9.      Plaintiff The Ryrie Foundation is a charitable foundation based in Dallas, Dallas County, Texas.

10.      Plaintiffs Elizabeth Ryrie Anthony, Carolyn R. Howard and Charles C. Ryrie are individuals who reside in Dallas, Texas.

11.     Plaintiff Steven Charles Anthony Trust is a trust maintained for the benefit of Steven Charles Anthony and maintained in Dallas, Dallas County, Texas.

12.     Plaintiff Matthew John Anthony Trust is a trust maintained for the benefit of Matthew John Anthony and maintained in Dallas, Dallas County, Texas.

13.     Plaintiff Claire Hannah Howard Trust is a trust maintained for the benefit of Claire Hannah Howard and maintained in Dallas, Dallas County, Texas.

14.     Plaintiff Edgar Smith is an individual who resided in Houston, Harris County, Texas, who has recently passed away during the pendency of the FINRA Arbitration proceeding.  Smith's claims are being pursued by his Estate, through its Co-Executors, Thomas E. Smith and Catherine Smith Jodeit.

15.     Defendant Morgan Keegan & Co., Inc. ("Defendant" or "Morgan Keegan") is a corporation organized under the laws of Tennessee with its principal place of business in Memphis, Tennessee.  It is a full-service broker/dealer that purports to provide a full array of personalized investment services to its customers from over 400 offices in 19 states.  Morgan Keegan & Co., Inc. provides investment advisory services to customers from offices in Houston, Harris County, Texas, among others.

## JURISDICTION

16.     Morgan Keegan & Co., Inc. is a Tennessee corporation with its principle place of business in Memphis, Tennessee. The underlying Arbitration proceeding involves a dispute between Plaintiffs and Defendant and the arbitration is set to begin on August 16, 2010 in Houston, Harris County, Texas.

17.     Hyperion Brookfield Investment Management, Inc. (*n/k/a* Brookfield Investment Management, Inc.) is an SEC-registered investment advisor incorporated

under the laws of Delaware, with its principal place of business in New York City, New York.  Hyperion is subject to personal jurisdiction in Texas based on its purposeful contacts with the Plaintiffs, who are Texas residents, along with its management of a number of investment funds sold and held by Texas investors.

18.     Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1332, because the underlying Arbitration is between citizens of different States, and because the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.

## VENUE

19.     Venue is proper in this district under 28 U.S.C. § 1391(a)(1) & (2) because the Defendant resides in this district and because a substantial part of the events or omissions giving rise to this claim occurred in this district.  Venue is further proper in this district under 9 U.S.C. § 7 since the arbitrators in the underlying Arbitration are sitting in this district.

## BACKGROUND

20.     The underlying Arbitration proceeding between Plaintiffs and Defendant was filed on December 8, 2009 with the Financial Industry Regulatory Authority (FINRA).  The Arbitration is currently pending in Houston, Harris County, Texas.

21.     Plaintiffs asserted claims in the Arbitration based on violations of the Texas Securities Act, Statutory Fraud, and Common Law Fraud.

22.     Plaintiffs' claims are based on Morgan Keegan's misrepresentations and mishandling of the RMK High Income Fund, Inc., RMK Advantage Income Fund, Inc., RMK Multi-Sector High Income Fund, Inc., and RMK Strategic Income Fund, Inc.

("Funds").  Due to Defendant's mishandling of the Funds, Plaintiffs sustained substantial financial losses due to losses in the Funds' net asset value ("NAV").

23.     The losses in the Funds' NAV were caused by the Funds' concentration of assets in newly-created fixed-income securities that had extraordinary exposure to changes in the housing and credit markets.  These investment vehicles had little or no history of being tested for safety under adverse market conditions and were unsuitable for investment of the types of funds that were being invested (retirement accounts, trust accounts and the like).  As the housing and credit issues plaguing the markets developed in 2007 and 2008, the Funds' problems were concealed by a deliberate pattern of misrepresentations by Respondent and its affiliates regarding the NAV of the Funds' investments and assurances to investors that their investments were secure.

24.     Eventually, Hyperion was hired by Morgan Keegan and its affiliates to value the Funds' assets, resulting in two dramatic writedowns in the NAV of the Funds. Hyperion ultimately purchased the Funds and conducted a sweeping and thorough review of all of the Funds' assets.  In a conference call held in August 2008, Hyperion disclosed that the Funds' assets were overvalued and would have to be written down substantially and that the dividends being paid could not be sustained.  On this call, Hyperion also explained that payments denominated by Morgan Keegan as "dividends" were simply in effect principal repayments to investors, as Morgan Keegan had used the sale of the assets of the Funds to maintain an unrealistically high dividend payment to investors. Dividends were reduced by Hyperion to a level that could be sustained based on the income generated by the assets invested.  The combined effect of a massive writedown in

the NAV of the Funds and reduction of the dividend yield was catastrophic for the Funds' investors, as the value of the Funds in the market dropped substantially.

25.    Based on the foregoing, on December 8, 2009, Plaintiffs filed the pending Arbitration action with FINRA.

26.    In order to expeditiously move the Arbitration forward, Claimants requested the Chairperson of the Arbitration Panel (the "Chairperson") to issue a Subpoena Duces Tecum to Hyperion Brookfield Asset Management, Inc. compelling Hyperion to produce various categories of documents related to the Arbitration.  A copy of the Subpoena Duces Tecum is attached as Exhibit "A".

27.    After requesting Plaintiffs to provide reasons for its requested subpoena and allowing Defendant to respond, the Chairperson issued the subpoena, which was served on Hyperion on or about April 27, 2010, compelling it to produce the documents requested by Plaintiffs within 10 days of service.

28.    As noted at the time the subpoena was issued and as is clear from the facts detailed above, the documents requested from Hyperion are essential to the Arbitration. Hyperion audited the Funds while they were controlled by Morgan Keegan and later purchased the Funds outright.  Hyperion has important information regarding the NAV of the Funds, the exposure and risk of the Funds to the sub-prime market, the inventory of the investments held by the Funds, documents relating to any method for valuing the Funds, information relating to the markdown of the Funds, information relating to the calculation and payment of dividends, and information relating to Morgan Keegan's overall handling of the Funds, among other things.

29.     On or about May 6, 2010, Hyperion responded with a letter indicating they had no intention of complying with the subpoena, despite the fact they have in their possession, custody, or control documents which are crucial to the Arbitration.  A copy of this letter is attached as Exhibit "B".

30.     Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 7, the United States District Court for the district in which the Chairperson sits is authorized to compel Hyperion to honor the Subpoena.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request this Court:

1. Compel Hyperion to respond to the Subpoena promptly; and

2. Award Plaintiffs such other and further relief, at law or in equity, to which they may be entitled.

Respectfully submitted

*/s/    Bruce B. Kemp*
Paul J. Dobrowski
State Bar No.  05927100
Fed. Bar No. 3208

ATTORNEY IN CHARGE FOR
PLAINTIFFS

OF COUNSEL:

**DOBROWSKI L.L.P.**

Bruce B. Kemp
State Bar No. 11255100
S.D.Texas Bar No. 92
Cody W. Stafford
State Bar No.  24043984
4601 Washington Avenue
Suite 300
Houston, Texas  77007
Tel:     (713) 659-2900
Fax:     (713) 659-2908